**UNITED STATES DISTRICT COURT FOR THE**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL E. BOGART AND** | § | **CIVIL ACTION NO:** |
| **ANNA BOGART** | § | |
| | § | **5:20-cv-00300** |
| *Plaintiffs* | § | |
| **v.** | § | |
| | § | |
| **JAYCO, INC.** | § | |
| | § | |
| *Defendant* | § | **JURY TRIAL REQUESTED** |

## COMPLAINT

### I.  Parties

1.      Plaintiffs, MICHAEL E. BOGART and ANNA BOGART, now and have been at all times material hereto citizens of the El Centro, State of California.

2.      Defendant, JAYCO, INC., hereinafter "JAYCO," is an Indiana corporation authorized to do and doing business in the State of California with its principal place of business located in Elkhart, Indiana and is a warrantor of the recreational vehicle that Plaintiffs purchased and is a merchant in goods of the kind  involved in this case.

JAYCO's agent for service of process is CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN, 46204.

### II.   Jurisdiction

3.      This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.  The total cost of the subject vehicle to the Plaintiffs including finance charges to date, out of pocket expenses, lost wages, loss of use damages, non-pecuniary

-1-

damages, and attorney fees will be over $150,000.00.

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III.    Venue

4.      Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Plaintiffs purchased the subject vehicle in Riverside County, California and the Defendant are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

### IV.    Conditions Precedent

5.      All conditions precedents have been performed or have occurred.

### V.    Facts

#### A.    The Transaction

6.      On January 30, 2018, Plaintiffs purchased a new 2018 JAYCO EAGLE 317 RLOK bearing VIN 1UJCJ0BT2J1WK0328, hereinafter "JAYCO EAGLE," from Richardson's RV Centers in Riverside County, California.  The JAYCO EAGLE was purchased primarily for Plaintiffs' personal use.  The sales contract was presented to Plaintiffs at the dealership and was executed at the dealership.

7.      The sales price of the JAYCO EAGLE was $64,35763.  Plaintiffs made a down payment in the amount of $6,500.00.  .  The total cost of the vehicle to Plaintiff including finance charges will be over $100,000.00.  Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law.  See ***Hughes v. Segal Enterprises, Inc.,*** 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); ***Chariton Vet***

-2-

***Supply, Inc. v. Moberly Motors Co.***, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).

**B.    Implied Warranties**

8.      As a result of the sale of the JAYCO EAGLE by Defendant to Plaintiffs, an implied warranty of merchantability arose in the transaction which included the guarantee that the JAYCO EAGLE would pass without objection in the trade under the contract description; and that the JAYCO EAGLE was fit for the ordinary purpose for which such motor vehicles are purchased.

9.      Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant.  Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

**C.    Express Warranties**

10.      In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the JAYCO EAGLE occurring during a specified warranty period resulting from defects in material or workmanship would be repaired, and that repair work on the JAYCO EAGLE had, in fact, repaired the defects.

11.      Plaintiffs's purchase of the JAYCO EAGLE were accompanied by express warranties offered by Defendant, JAYCO, and extending to Plaintiffs.  These warranties were part of the basis of the bargain of Plaintiffs's contract for purchase of the JAYCO EAGLE.

12.      The basic warranty covered any repairs or replacements needed during the warranty period due to defects in factory materials or workmanship.  Any required adjustments would also be made during the basic coverage period.  All warranty repairs and adjustments, including parts and labor, were to be made at no charge.  Additional warranties were set forth in the JAYCO's warranty

booklet and owners manual.

### D.   Actionable Conduct

13.    In fact, when delivered, the JAYCO EAGLE was defective in materials and workmanship, with such defects being discovered within the warranty periods.  Many defective conditions have occurred since purchase, including, but not limited to, all the defects listed in repair orders:

| | | | |
|---|---|---|---|
| **1.** | **Richardson's R.V. Centers, Inc.** | **Work Order #592424;** |
| **2.** | **Richardson's R.V. Centers, Inc.** | **Work Order #592713;** |
| **3.** | **Richardson's R.V. Centers, Inc.** | **Work Order #592424;** |
| **4.** | **Richardson's R.V. Centers, Inc.** | **Work Order #595505;** |
| **5.** | **Richardson's R.V. Centers, Inc.** | **Work Order #596112;** |
| **6.** | **Richardson's R.V. Centers, Inc.** | **Work Order #596763; and** |
| **7.** | **Richardson's R.V. Centers, Inc.** | **Work Order #596925.** |

14.    In fact, Plaintiff's JAYCO EAGLE has been **out of service over 300 days** as of February 2020.

15.    Since purchase, Plaintiffs have returned their JAYCO EAGLE to Defendant and/or Richardson's R.V. Centers, Inc., an authorized JAYCO warranty service dealers, for repairs on numerous occasions.  Despite this prolonged period during which Defendant was given the opportunity to repair the JAYCO EAGLE, the more significant and dangerous conditions were not repaired.  Defendant failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein.  From the date of its purchase, the JAYCO EAGLE continues to this day to exhibit some or all of the non-conformities described herein.

16.     The defects experienced by Plaintiffs with the JAYCO EAGLE  substantially impaired its use, value and safety.

17.     Plaintiffs directly notified the Defendant of the defective conditions of the JAYCO EAGLE on numerous occasions.  Plaintiffs notified Defendant that they wanted a rescission of the sale of the JAYCO EAGLE but Defendant has failed and refused to buy back Plaintiffs' defective JAYCO EAGLE.

**VI.     Causes of Action**

**COUNT 1:  VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CIVIL CODE SECTION 1790 ET SEQ.**

18.     Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

19.     The vehicle is a consumer good as defined under the Song-Beverly Consumer Warranty Act.

20.     Plaintiffs are a "purchaser" of consumer goods as defined under the Song-Beverly Consumer Warranty Act.

21.     Defendant, JAYCO, is a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

22.     The sale of the vehicle to Plaintiffs were accompanied by an express written warranty.

23.     The serious nonconformities have manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value and or safety of the vehicle and or can cause serious bodily injury or death.

24.     Plaintiffs brought the vehicle to , an authorized repair facility, for repairs on numerous

occasions in attempts to have the existing express warranties satisfied.

25.     Defendant has not repaired the nonconformities after a reasonable number of attempts and, as such, have failed to comply with and have breached all applicable warranty requirements.

26.     Further, the sale of the vehicle to Plaintiffs were accompanied by implied warranties that the vehicle was merchantable and fit for a particular use.

27.     Defendant has breached the implied warranties of merchantability and fitness for a particular use because the vehicle when sold would not pass without objection in the trade.

28.     Despite their breach of the express and implied warranties, Defendant has refused Plaintiffs's demand for a refund or replacement.

29.     By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement, Defendant are in breach of their obligations under the Song-Beverly Consumer Warranty Act.

30.     Defendant' continuing breach of their obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendant and each of them are liable to Plaintiffs for civil penalties in an amount as set forth below.

31.     Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevails.  As a proximate result of Defendant' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton.  Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

**COUNT 3:   BREACH OF EXPRESS WARRANTIES**

32.     Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

33.     The Defendant' advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiffs's JAYCO EAGLE or those similarly situated were free from inherent risk of failure or latent defects.  In addition, the Defendant issued an expressed written warranty which covered the JAYCO EAGLE and warranted that the JAYCO EAGLE was free of defects in materials and work quality at the time of delivery.

34.     As alleged above, the Defendant breached its warranties by offering for sale, and selling as safe to Plaintiffs, an JAYCO EAGLE that was latently defective, unsafe, and likely to cause economic loss to Plaintiffs.

35.     In breach of the foregoing warranties, the Defendant has failed to correct said defects.

36.     The damages Plaintiffs have suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**COUNT 4:   BREACH OF IMPLIED WARRANTIES**

37.     Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.

38.     The Defendant impliedly warranted that Plaintiffs' JAYCO EAGLE, which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

-7-

39.     Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant is unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects existed and might not be discovered, if at all, until the JAYCO EAGLE had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects from Plaintiffs.

40.     Because of the defects, Plaintiffs's JAYCO EAGLE is unsafe and unfit for use and has caused economic loss to the Plaintiffs.  Therefore, the Defendant breached the implied warranty of merchantability.

41.     The damages Plaintiffs have suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**COUNT 5:     NEGLIGENCE AND NEGLIGENT MISREPRESENTATION**

42.     The Defendant had a duty to Plaintiffs to provide a product reasonably safe in design and manufacture, warn of dangerous defects, disclose adverse material facts when making representations of fact to Plaintiffs and correct products which are defective.

43.     The Defendant breached their duty of reasonably care and duty to disclose material adverse facts to Plaintiffs by the following acts and omissions:

    a.     Failure to design and manufacture a JAYCO EAGLE that did not harbor the defects alleged herein;

    b.     Failure to notify Plaintiffs of the dangerous and defective condition of the JAYCO EAGLE when Defendant knew or should have known of the dangerous and defective condition;

c.   Failure to fulfill its duty to disclose the material adverse facts as set forth above and otherwise failing to exercise due care under the circumstances; and

d.   Failure to repair the JAYCO EAGLE in accordance with the express and implied warranties.

44.   The damages Plaintiffs have suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

## COUNT 6:   BREACH OF CONTRACT

45.   Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.

46.   Plaintiffs would show that the actions and/or omissions of Defendant described herein above constitute breach of contract, which proximately caused the direct and consequential damages to Plaintiffs described herein below, and for which Plaintiffs  hereby sues.

47.   The damages Plaintiffs have suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of

repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

## COUNT 7:   NEGLIGENT REPAIR

48.   Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.

49.   On numerous occasions, Plaintiffs delivered the JAYCO EAGLE to JAYCO and  for

repairs of the defective conditions covered under the express and implied warranties set forth hereinabove.

50.     On each occasion that Plaintiffs returned the JAYCO EAGLE for repairs, Plaintiffs are informed and believe, and thereupon allege, that Defendant, JAYCO and , attempted repairs of the JAYCO EAGLE pursuant to their obligations under the express and implied warranties. Defendant owed a duty of care to Plaintiffs to perform repairs on the JAYCO EAGLE in a good and workmanlike manner within a reasonable time.  These Defendant breached this duty.

51.     Defendant' attempted repairs of Plaintiffs' JAYCO EAGLE were done so negligently, carelessly, and recklessly as to substantially impair the JAYCO EAGLE's use, value, and safety in its operation and use.  At no repair attempt was Plaintiffs's JAYCO EAGLE fully and completely repaired by Defendant, nor were many of the conditions of which Plaintiffs complained fixed or significantly improved by Defendant' attempts at repair.  Nonetheless, each time Plaintiffs picked up the vehicle after Defendant' repair attempts, Defendant represented to Plaintiffs that the repairs were complete, and Plaintiffs relied thereon.

52.     As a direct and proximate result of defendant's negligent failure to repair the JAYCO EAGLE within a reasonable time or within a reasonable number of attempts, Plaintiffs were forced to drive a defective and dangerous JAYCO EAGLE in conducting their daily activities.  As a further direct and proximate result of Defendant' failure to repair the JAYCO EAGLE in a timely and workmanlike fashion, Plaintiffs were forced repeatedly to take the JAYCO EAGLE in for further repair attempts and to leave the JAYCO EAGLE for long periods of time at great inconvenience to themselves, and Plaintiffs sustained actual damages.

53.     The damages Plaintiffs have suffered are a direct and proximate result of Defendant'

-10-

actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; attorney fees and damages to Plaintiffs' health and well-being in the form of emotional distress.

## VII.  Economic and Actual Damages

54.    Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

a..    Out of pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

b.    Loss of use;

c.    Loss of the "benefit of the bargain";

d.    Diminished or reduced market value; and

e.    Costs of repairs.

## VIII.  Damages for Civil Penalties

55.    Plaintiffs would further show false, misleading and deceptive acts, practices and/or omissions described herein above were committed willful pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendant and each of them are liable to Plaintiffs for civil penalties in an amount as set forth below.

56.    As a result of such acts, practices and /or omissions, Plaintiffs sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Song-Beverly Consumer Warranty Act, and for which Plaintiffs hereby sues for a civil penalty in an amount of two times Plaintiffs's actual damages.

-11-

### IX.    Request for Rescission

57.    Plaintiffs seeks a damages remedy as an alternative to the remedy of rescission which is requested in the following paragraph.

58.    Plaintiffs revokes his acceptance of the JAYCO EAGLE for the reason that its defects substantially impair its value to Plaintiffs and acceptance was based on Plaintiffs's reasonable reliance on the false representations and warranties of Defendant that the defects in the JAYCO EAGLE would be repaired.  Accordingly, Plaintiffs seeks a cancellation of the automobile purchase transaction and an order of the court restoring to him the money obtained by Defendant as a result of the false representations and breaches of warranty set forth above.  Plaintiffs also seeks cancellation of the debt and now offers to return the automobile to Defendant.  In this connection, Plaintiffs will provide Defendant a credit for the impaired use of the JAYCO EAGLE, for the time that Plaintiffs were able to use it.

### X.    Attorney Fees and Costs

59.    Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.  As a proximate result of the misconduct of Defendant as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton.  Plaintiffs have incurred and continue to incur legal fees, costs and expenses in connection therewith.

### XI.    Prayer

60.    For these reasons, Plaintiffs pray for judgment against the Defendant for the following:

-12-

a.      For general, special and actual damages according to proof at trial;

b.      Rescinding the sale of the   2018 JAYCO EAGLE 317 RLOK VIN 1UJCJ0BT2J1WK0328 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c.      For incidental and consequential damages according to proof at trial;

d.      Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges.

e.      Any diminution in value of the JAYCO EAGLE attributable to the defects;

f.      Past and future economic losses;

g.      Prejudgment and post-judgment interest;

h.      Damages for loss of use of vehicle;

i.      Civil Penalties and/or Punitive damages;

j.      Damages for mental anguish;

k.      Attorney fees;

l.      Costs of suit, expert fees and litigation expenses; and

m      All other relief this Honorable Court deems appropriate.

## XIII.    Demand for Jury Trial

61.     Plaintiffs hereby demand trial by jury to the extent authorized by law.

-13-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, California 70471
E-mail: rick@rickdaltonlaw.com
Tel. (985) 778-2215

ATTORNEY FOR PLAINTIFFS